RENDERED: JULY 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0959-MR


FRANK ALEXANDER AND
ROYA ALEXANDER          APPELLANTS


|  | APPEAL FROM JEFFERSON CIRCUIT COURT |
|---|---|
| v. | HONORABLE MITCH PERRY, JUDGE |
|  | ACTION NO. 13-CI-004714 |


OWNERS INSURANCE COMPANY          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Frank Alexander and Roya Alexander ("Appellants")
appeal from an opinion and order of the Jefferson Circuit Court granting summary
judgment in favor of Owners Insurance Company ("Appellee"). Appellants argue
that the circuit court erred in failing to deny Appellee's motion on procedural
grounds. They also contend that even if the motion is procedurally correct, the

circuit court erred in failing to deny it on its merits. Having closely examined the record and the law, we find no error and affirm the opinion and order on appeal.

## FACTS AND PROCEDURAL HISTORY

In July 2007, Kirby and Pamela Holladay purchased a parcel of real property at 1407 St. James Court in Louisville, Kentucky. At the time of purchase, the parcel benefitted from an easement over Appellants' adjacent parcel located at 416 West Magnolia Avenue. The easement granted the owners of the Holladays' parcel the right of ingress and egress over the West Magnolia Avenue parcel to access a concrete parking pad.

On July 24, 2013, Appellee entered into a Commercial General Liability policy of insurance ("the policy") with Appellants. The policy was terminated by Appellee on July 24, 2015.

After Appellants and the Holladays purchased their respective parcels, Appellants began obstructing the Holladays' use and enjoyment of the easement by parking a car in the driving lane of the easement, by placing prohibitive signage next to the easement, and by other means.[1] The interference with the Holladays' use of the easement began while the policy of insurance was in effect, and continued for about four years after the policy was terminated. Appellants'

_____

[1] The Holladays did not allege that Roya Alexander participated in these acts. Because she was named in the complaint as a defendant, however, and is an appellant herein, we will refer to Frank Alexander and Roya Alexander collectively as "Appellants."

ongoing obstruction of the easement resulted in the Holladays instituting a civil action in Jefferson Circuit Court to enforce the easement and recover damages from Appellants.

A protracted procedural history followed, including the filing of two amended complaints and the intervention of Appellee as Appellants' insurer. The matter reached partial fruition in 2018, when a panel of this Court affirmed the circuit court's ruling that the easement was appurtenant to the land and was enforceable by the Holladays.[2] The panel reversed and remanded the matter as to the circuit court's finding that certain improvements made to the driving area or adjacent land violated the easement's terms.

The matter proceeded in Jefferson Circuit Court on the underlying tort action. In the Holladays' second amended complaint, they sought a declaration of rights, injunctive relief, and damages for intentional conduct by Appellants which interfered with their property rights. In 2020, Appellee, as intervening plaintiff, moved for summary judgment arguing that it was not liable for any tort judgment against Appellants because Appellants' conduct was intentional and, therefore, excluded from coverage. The Jefferson Circuit Court initially denied the motion by way of an interlocutory order. Appellee moved for reconsideration, resulting in

---

[2] *Holladay v. Alexander*, No. 2015-CA-001718-MR, 2018 WL 2992976 (Ky. App. Jun. 15, 2018).

an opinion and order entered on July 28, 2021, granting summary judgment in favor of Appellee.

In support of the order, the circuit court relied on *Cincinnati Insurance Company v. Motorists Mutual Insurance Company*, 306 S.W.3d 69 (Ky. 2010), which held in relevant part that in interpreting what constitutes an "occurrence" for purposes of insurance coverage, the occurrence must be accidental and something that does not result from a "plan, design, or intent of the insured." *Id.* at 77 (footnote and citation omitted). In applying *Cincinnati Insurance Company* to the facts, the circuit court determined that the Holladays alleged that Appellants engaged in intentional wrongful acts, and that intentional acts were not "occurrences" per the policy language and the case law. As such, the circuit court concluded that Appellee had no duty under the policy to indemnify Appellants for the acts alleged in the complaint. This appeal followed.

## **STANDARD OF REVIEW**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary

-4-

judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellants first argue that the Appellee's motion for summary judgment is procedurally infirm. They note that the circuit court originally denied the motion for summary judgment, and subsequently revisited the motion resulting in the order now on appeal. Appellants cite to a federal case and a federal procedural rule in support of the proposition that the circuit court improperly reconsidered an interlocutory order.

We are not persuaded by Appellants' argument on this issue. State courts and federal courts exercise concurrent jurisdiction, and the case law of the lower federal courts is merely persuasive and is not binding. *U.S., ex rel. U.S.*

*Attorneys ex rel. Eastern, Western Districts of Kentucky v. Kentucky Bar Ass'n*, 439 S.W.3d 136, 147 (Ky. 2014). In the courts of the Commonwealth, an interlocutory order is "subject to revision at any time[.]" CR 54.02(1). "An order denying summary judgment is interlocutory and is subject to revision at any time before the entry of judgment." *Imhoff v. Lexington Public Library Board of Trustees*, No. 2017-CA-001427-MR, 2019 WL 1422852, at *3 (Ky. App. Mar. 29, 2019) (citation omitted). We find no error in the Jefferson Circuit Court's reconsideration of its interlocutory order denying Appellee's motion for summary judgment.

Appellants next argue that Appellee's duty to raise a defense on their behalf cannot be defeated solely by reference to the complaint. They assert that an insurer has a duty to defend an action until such time it is determined by the court that no duty is owed to the insured. Citing *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Insurance Company*, 814 S.W.2d 273, 279 (Ky 1991), Appellants contend that an insurer has a duty to defend if there is any allegation which potentially might come within the coverage of the policy. As applied herein, Appellants argue that Appellee is bound by the policy language and the case law to put forward a legal defense on their behalf, such duty continuing until the circuit court determines from the record and the facts that Appellee has no liability arising from the policy. Subsumed in this argument is Appellants'

contention that an intentional act may still be an "occurrence" under the policy if the resultant harm was unintentional. In sum, Appellants argue that the Jefferson Circuit Court's entry of summary judgment was premature and not supported by the record and the law.

The policy issued by Appellee provides coverage for an "occurrence" that results in bodily injury or property damage as defined by the policy. Per the policy, "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Policy Section V – Definitions, §14. The policy also provides coverage for "personal injury," which is defined as the "wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor." Expressly excluded from coverage are acts of "personal injury . . . [c]aused by or at the direction of any insured with the knowledge that the act would violate the rights of another and would inflict 'personal injury[.]'"

In denying Appellee's first motion for summary judgment, the Jefferson Circuit Court relied on the interpretation of "occurrence" set forth in *James Graham Brown Foundation, Inc.*, *supra*, wherein the policy at issue referenced the expectations and intentions of the insured. Commenting on *James Graham Brown Foundation, Inc.*, the Kentucky Supreme Court would later state

that, "[t]he language referencing the expectations and intentions of the insured led us to adopt a broad, subjective standard of policy construction." *Cincinnati Ins. Co.*, 306 S.W.3d at 78. In the matter before us, and after first denying the motion for summary judgment, the Jefferson Circuit Court was made aware of *Cincinnati Insurance Company*, in which the policy "completely omits from the definition of *occurrence* any language referencing the expectations . . . of the insured." *Id.* (footnote and citation omitted) (emphasis in original). And as noted above, *Cincinnati Insurance Company* also expressly found that an accident or occurrence in insurance law is something that does not result from a plan, design, or intent of the insured. *Id*.

In granting Appellee's motion for summary judgment, the Jefferson Circuit Court found that the definition of "occurrence" in Appellee's policy in the instant case is identical to the definition of "occurrence" in the *Cincinnati Insurance Company* policy, and is fundamentally different than the definition in the *James Graham Brown Foundation* case. We agree. Since the definition of "occurrence" in the instant case does not reference the expectations and intentions of the insured, and based on the holding in *Cincinnati Insurance Company* that an "occurrence" cannot result from a plan, design, or intent of the insured, the circuit court properly determined that the policy does not provide coverage for the acts alleged in the complaint. For the same reason, Appellants are not entitled to

coverage under the "Coverage B" language of the policy. *See* Policy, 2., Exclusions, a., which provides that coverage does not apply where the injury or damages were expected or intended from the standpoint of the insured.

It merits noting that the Appellants continued to obstruct the Holladays' use and enjoyment of the easement even after the first panel of this Court expressly ruled that the easement was appurtenant to the land and enured to the benefit of the Holladays. The opinion in that appeal was rendered on June 15, 2018. Appellants, or someone acting on their behalf, continued to block the easement by parking a Ford Explorer in the driving area as late as July 2018. A stockade or fence blocking the easement also remained in place through July 2018. Some six months after the opinion was rendered, and around the time of Christmas 2018, Frank Alexander called a towing company to remove from the easement a vehicle owned by Mr. Holladay's brother. And in March 2019, Frank Alexander rented a "Bobcat" machine with a jackhammer attachment, and destroyed portions of improvements made by the Holladays both inside and outside of the easement. Though these events occurred after Appellee terminated the policy of insurance, they bolster Appellee's argument that Appellants' acts during the policy period were knowing, intentional, and designed to wrongfully evict the Holladays from the easement.

Lastly, Appellants argue that Appellee is required to provide Roya Alexander, individually, with a legal defense in this matter. The complaint makes no specific allegation that Roya Alexander engaged in acts designed to interfere with the Holladays' usage of the easement. To the extent that she acted in concert with her husband, if at all, the complaint alleges that such acts were intentional. For the reasons addressed above, intentional acts are not occurrences under the policy, whether engaged in by Frank Alexander or Roya Alexander. We find no error.

## CONCLUSION

The Holladays' complaint alleged that Appellants engaged in intentional acts to deprive them of their usage and enjoyment of the easement. Per *Cincinnati Insurance Company* and the policy language, such acts are not "occurrences" and are excluded from coverage. The Jefferson Circuit Court correctly so found. The Jefferson Circuit Court also properly concluded that there were no genuine issues as to any material fact and that Appellee was entitled to judgment as a matter of law. *Scifres*, *supra*. Accordingly, we affirm the opinion and order of the Jefferson Circuit Court granting summary judgment in favor of Appellee.

ALL CONCUR.

-10-

BRIEFS FOR APPELLANTS:

Kirk Hoskins
Louisville, Kentucky

BRIEF FOR APPELLEE:

Joseph P. Hummel
Louisville, Kentucky